## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | Case 19-20431 |
| Robert Andrew Hanlin, | * | Chapter 13 |
| | * | |
| | * | |
| Debtor(s), | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AMENDED ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

Upon consideration of the Motion for Order Authorizing Sale of Certain Real Property of the

Debtor Free and Clear of Liens, Claims, Encumbrances and Other Interests and Granting Related

Relief (the "Motion") Robert Andrew Hanlin (the "Debtor"), and any responses thereto, and it

appearing that cause exists to grant the relief requested in the Motion,

**THE COURT HEREBY FINDS THAT:**

**A**. On August 2, 2019 (the "Petition Date"), the Debtor commenced this case by filing a

voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C.

§§ 101 et seq., as amended (the "Bankruptcy Code").

**B**. The Debtor, owns certain real property generally known as 4891 Atlas Cedar Way

Aberdeen, MD 21001 (the "Real Property").

**C**. The Debtor has agreed to sell all his right, title and interest in the Real Property to

Jillian Lewis and Danielle Lewis for a purchase price of $290,100.00 (the "Purchase Price"), pursuant to the terms and conditions of a Residential Contract of Sale, dated June 27, 2020, by and between the Debtor and Purchaser (the "Sale Agreement"). A true and correct copy of the Sale Agreement is attached to the Sale Motion as Exhibit "E."

**D**. The Real Property is encumbered by a Purchase Money Deed of Trust, dated August 21, 2019, assigned to Home Point Financial and recorded among the Land Records for Harford County, Maryland in Book 13497, pp. 233. According to a recent statement from Home Point Financial, the Debtor owes $238,334.96.

**E**. By his Motion, the Debtor seeks the entry of an order approving the sale of the Subject Collateral to the Purchaser pursuant to the Sale Agreement, free and clear of liens, claims, encumbrances and other interests, pursuant to Section 363(b) of the Bankruptcy Code.

**F**. Adequate and proper notice of the Motion, the Sales Agreement and this Order was served on all parties entitled to be served in this bankruptcy case and all other parties-in-interest in compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 6004-1, and such notice constitutes fair, reasonable and sufficient notice under the circumstances.

**G**. The Debtor established good, valid and sound business purposes for the sale of the Subject Collateral to the Purchaser pursuant to the Sales Agreement.

**H.** The terms and conditions of the Sales Agreement are fair and reasonable, and the sale of the Subject Collateral to the Purchaser pursuant to the Sales Agreement is in the best interests of the Debtor, his bankruptcy estate and the creditors thereof.

**I**. All parties-in-interest that claim any interest in the Subject Collateral either consent to the sale of the Subject Collateral or could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

**J.** The sale of the Real Property to the Purchaser has been conducted pursuant to a fair and equitable process and full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court.

**K**. The Debtor is the record owner of the Subject Collateral and is duly authorized and empowered to: (i) execute and deliver the Sale Agreement and all other documents contemplated by the Sale Agreement to the Purchaser; (ii) perform all other obligations under the Sale Agreement; and (iii) otherwise consummate the transactions contemplated thereby and the execution, delivery and performance of the Sale Agreement and any documents to be executed in connection therewith. No other consents or approvals are necessary or required for the Debtor to enter into the Sale Agreement, perform its obligations thereunder and consummate the transactions contemplated thereby.

**NOW THEREFORE, it is, by the United States Bankruptcy Court for the District of Maryland, hereby ORDERED, ADJUDGED AND DECREED**:

1. The foregoing findings of fact are incorporated by reference into this Order.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Venue of this proceeding and the Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The

statutory predicates for the relief sought in the Motion are Sections 105(a), 363(b), (f), (k) and (l), and 365(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006 and 9007, and Local Bankruptcy Rule 6004-1(b).

3. The Motion is hereby GRANTED pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9006 and 9007, and Local Bankruptcy Rule 6004-1.

4. All objections to the Motion that were not withdrawn have been settled or are hereby overruled.

5. The Sale Agreement between the Debtor and the Purchaser, and each of the terms thereof and the transactions contemplated thereby, are hereby APPROVED.

6. The Debtor hereby is authorized and directed to sell the Subject Collateral to the Purchaser upon the terms and conditions of the Sale Agreement. In addition, the Debtor is hereby authorized and directed to execute and deliver such other documents and take such other actions as may be necessary, desirable or appropriate to effectuate, implement, and/or consummate the Sale Agreement, the sale of the Subject Collateral, the assumption and assignment of the Leases, and all other transactions described in the Sale Agreement, without further application to, or order of, this Court.

7. The Debtor is further authorized and directed to sell, convey, assign and transfer all of his right, title and interest in and to the Subject Collateral to the Purchaser, without further application to, or order of, this Court and upon the terms and conditions of the Sale Agreement

and any related documents to be executed in connection therewith, as applicable.

8. Closing on the sale of the Subject Collateral and all other transactions described in the Sale Agreement shall occur as soon as this Honorable Court enters an order authorizing the sale.

9. The transfer of the Subject Collateral to the Purchaser will be a legal, valid and effective transfer, and all of the Debtor's right, title and interest in and to the Subject Collateral shall pass to the Purchaser at the Closing, free and clear of all prepetition and post-petition liens and claims (including, but not limited to, any "claim" as defined in Section 101(5) of the Bankruptcy Code), of any creditor who has been served with the Motion (referred to collectively hereinafter as the "Liens and Claims")), with all such Liens and Claims, including the lien of Home Point Financial pursuant to the Security Documents, to attach to the proceeds of the sale of the Subject Collateral with the same extent, validity and priority as existed with respect to the Subject Collateral prior to Closing.

10. The provisions of this Order authorizing the sale of the Subject Collateral free and clear of Liens and Claims to the extent hereinafter provided (with such Liens and Claims to attach to the proceeds of the sale of the Subject Collateral as provided for above) shall be selfexecuting, and neither the Debtor, the Purchaser nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale Without in any way limiting the foregoing, the Purchaser is empowered to execute and file releases, termination statements,

assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale.

11. The sale of the Subject Collateral and the payments and other transactions described in this Order are not avoidable and shall not be avoided pursuant to the Bankruptcy Code, the applicable Uniform Fraudulent Conveyance Act or the applicable Uniform Fraudulent Transfer Act.

12. The automatic stay of Section 362 of the Bankruptcy Code is hereby terminated solely to the extent necessary (a) to permit the proceeds arising from the sale of the Subject Collateral to the Purchaser to be paid to Home Point Financial to satisfy its lien, in immediately available funds, simultaneously with Closing, and (b) to otherwise permit the Debtor, Home Point Financial and the Purchaser to implement the terms of this Order and the Sale Agreement, as appropriate.

13. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any Order which may be entered confirming any plan of reorganization or which may be entered converting this case from Chapter 13 to Chapter 7, and shall be binding upon, and shall inure to the benefit of, the Debtor and the Purchaser and their respective successors and assigns(including any Chapter 7 trustee hereafter appointed or elected for the Debtor's estate and any other fiduciary hereafter appointed as a legal representative of the Debtor or with respect to the property of the Debtor's estate).

14. The failure specifically to include any particular provisions of the Sale Agreement in this Order shall not diminish or impair the efficacy of such provisions, it

being the intent of this Court that the Sale Agreement and each and every provision, term, and condition thereof be and therefore is, authorized and approved in its entirety.

15. All governmental recording offices and all other parties, persons or entities are directed to accept this Order for recordation on or after the Closing as conclusive evidence of the free and clear, unencumbered transfer of title to the Subject Collateral conveyed to the Purchaser at Closing as provided in this Order.

16. This Court shall retain jurisdiction over the Debtor, the Purchaser, and all parties asserting Liens and Claims on or in the Subject Collateral, to implement, interpret, consummate and/or effectuate the provisions of this Order, the Sale Agreement and all agreements arising out of, related to, or approved pursuant to this Order.

17. Pursuant to 11 U.S.C 363 (f)(2) any payoff amount less than the full satisfaction of the lien, must be approved in writing by the Respondent. Home Point Financial Corporation's lien shall be paid in full at sale closing pursuant to a proper payoff quote issued by Home Point Financial Corporation.

18. All proceeds from the Sale, after payment of closing costs and all debt secured by present liens upon the property, shall be transmitted by the settlement officer to the Chapter 13 Trustee to the extent necessary to pay off all allowed claims, plus the Trustee's applicable percentage fee, together with a copy of the fully executed settlement sheet (HUD-1).

19. Should the proposed closing scheduled for August 11, 2020 and as extended to allow for this Honorable Court to enter the order authorizing sale not proceed, the authority to sell granted by this order will automatically terminate.

20. If the Respondent does not receive the required proceeds within 90 days of the entry of this Order, the authority to sell granted by this Order shall automatically terminate.

21. This Order shall be effective immediately upon entry pursuant to Bankruptcy Rules 7062 and 9014, and no automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure or Bankruptcy Rule 6004(h) shall apply with respect to this Order.

cc: Debtor, Robert Andrew Hanlin
    Sonila Isak Wintz, Esquire, Debtor's Counsel
    Chapter 13 Robert S Thomas, II, Trustee
    Home Point Financial